UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH TRAPP,

    Plaintiff,

Case No. 14-cv-14274

v.

HONORABLE STEPHEN J. MURPHY, III

ERIC H. HOLDER, JR.,

    Defendant.

_____/

**ORDER TRANSFERRING CASE TO THE**
**DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

    The matter pending before the Court is Joseph Allen Trapp's *pro se* civil rights complaint. Trapp is a Michigan prisoner at Alger Correctional Facility in Munising, Michigan, which lies in the Western District of Michigan. Defendant Eric H. Holder, Jr., is the United States Attorney General. In his complaint, Trapp renounces all allegiance and fidelity to the United States. For relief, he "hope[s] to move this honorable court to allow me to renounce my United States Citizenship and deport me. If not I would hope to move this honorabl[e] court to grant me 100 million dollars as compensation for all of the terrorist attacks that almost killed me." Compl. 3–4, ECF No. 1. The rest of his request for relief is illegible.

    A threshold question is whether venue is proper in this District. Neither Trapp, nor Attorney General Holder, are located in this District. A civil action in which the defendant is an officer or employee of the United States acting in his official capacity may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is

involved in the action." 28 U.S.C. § 1391(e)(1). "'Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties.'" *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487–88).

> Officers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction. When an officer or agency head performs a "significant amount" of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue.

*Bartman v. Cheney*, 827 F. Supp. 1, 2 (D. D.C. 1993) (quotation marks omitted). Attorney General Holder's primary office is at the United States Department of Justice in Washington, D.C., and he, no doubt, performs a significant amount of his official duties there. Consequently, venue is proper in the District Court for the District of Columbia.

When a case is filed in the wrong district, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Because Trapp has been assessed a filing fee of $350.00 for this action, *see* ECF No. 4, and because he could be assessed another filing fee if he had to re-file his complaint in another court, it is in the interest of justice to transfer this case rather than to dismiss it.

**WHEREFORE, IT IS ORDERED** that the Clerk of the Court shall transfer this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1391(e)(1) and 1406(a).

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: December 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2014, by electronic and/or ordinary mail.

                                              s/Carol Cohron
                                              Case Manager